UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PHILLIP HARDY,

                            Plaintiff,

      -AGAINST-

THE CITY OF NEW YORK, POLICE OFFICER JOHNNY
LANDRY, POLICE OFFICER BRIAN TAYLOR and
POLICE SERGEANT JAMES PEPPERMAN,
individually and in their official capacities,

                           Defendants.
------------------------------------------------------------------X

**12 CIV 0017**

**COMPLAINT**

**JURY TRIAL DEMANDED**



JUDGE SULLIVAN

Plaintiff PHILLIP HARDY, by his attorney, VERENA C. POWELL, ESQ., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of his constitutional rights as secured by 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of New York.

2. Plaintiff's claims arise from an incident that occurred on June 26, 2008, in which Officers of the New York City Police Department (hereinafter, "the NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, malicious prosecution and failure to intervene.

3. Plaintiff seeks to recover monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

6. The amount in controversy exceeds $75,000.00, excluding interest and costs.

## VENUE

7. Venue is proper for the United States District Court for the Southern District New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

## JURY DEMAND

8. Plaintiff PHILLIP HARDY respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. Plaintiff PHILLIP HARDY is a citizen of the United States, and at all relevant times a resident of the City of Pembroke Pines, State of Florida.

10. THE CITY OF NEW YORK is a municipal corporation duly organized under the laws of the State of New York. It is authorized by law to maintain a police department that acts

as its agent in the area of law enforcement and for which the CITY OF NEW YORK is ultimately responsible.

11. At all time hereinafter mentioned the individually named defendants POLICE OFFICER JOHNNY LANDRY, POLICE OFFICER BRIAN TAYLOR and POLICE SERGEANT JAMES PEPPERMAN were at all times relevant herein officers, employees and agents of the New York City Police Department.

12. The individual defendants are sued in their individual and official capacities.

13. At all times relevant herein, the individual defendants, either acting alone, acting in concert or conspiring with each other, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

15. On June 26, 2008, at approximately plaintiff PHILLIP HARDY left Union Square Café, 21 East 16th Street, New York, New York, in the company of John Draper.

16. Plaintiff PHILLIP HARDY and John Draper entered Draper's vehicle, a white Range Rover and head uptown on the local streets.

17. Defendants POLICE OFFICER JOHNNY LANDRY, POLICE OFFICER BRIAN TAYLOR and POLICE SERGEANT JAMES PEPPERMAN, stop John Draper's vehicle as he was driving northbound on First Avenue, New York, New York.

18. Defendant POLICE OFFICER BRIAN TAYLOR approached the driver's side door of the vehicle where John Draper was seated.

19. Defendant POLICE OFFICER JOHNNY LANDRY approached the right front passenger side of the vehicle where PHILLIP HARDY was seated.

20. Defendant POLICE SERGEANT PEPPERMAN supervised the traffic stop of John Draper and plaintiff PHILLIP HARDY, as he stood towards the rear of the vehicle.

21. Defendant POLICE OFFICER BRIAN TAYLOR requested John Draper's paperwork and went back to the police vehicle.

22. Defendant POLICE OFFICER BRIAN TAYLOR returned to Draper's vehicle and told Draper to get out of the car because he was going to conduct a search of the vehicle.

23. At this time, Defendant POLICE OFFICER JOHNNY LANDRY told Plaintiff PHILLIP HARDY to get out of the vehicle.

24. Once Plaintiff PHILLIP HARDY stepped out of the vehicle, POLICE OFFICER JOHNNY LANDRY began searching Plaintiff without reasonable suspicion or probable cause or any reasonable belief that plaintiff had committed a crime.

25. At one point, POLICE OFFICER JOHNNY LANDY told Plaintiff to put his hands down as LANDRY was afraid that other New York City Police Officers would come upon the stop and believe that LANDRY was robbing Plaintiff.

26. Defendant POLICE OFFICER JOHNNY LANDRY found a pocketknife clipped to plaintiff PHILLIP HARDY's pants pocket.

27. Defendants POLICE OFFICER JOHNNY LANDRY, POLICE OFFICER BRIAN TAYLOR and POLICE SERGEANT JAMES PEPPERMAN held Plaintiff PHILLIP HARDY and JOHN DRAPER in custody outside of DRAPER'S vehicle for a period of

twenty-five minutes before HARDY was arrested without reasonable suspicion or probable cause or any reasonable belief that plaintiff had committed a crime.

28. Defendant POLICE OFFICER JOHNNY LANDRY handcuffed Plaintiff PHILLIP HARDY while JOH DRAPER was released without even a traffic ticket.

29. At no time did Plaintiff PHILLIP HARDY resist being arrested.

30. Plaintiff PHILLIP HARDY was taken to the 9th Police Precinct.

31. Plaintiff PHILLIP HARDY was fingerprinted and photographed at the precinct.

32. Plaintiff PHILLIP HARDY was told by police officers that he was going to be taken to court.

33. Plaintiff PHILLIP HARDY was charged with one count of Criminal Possession of a weapon in the Fourth Degree.

34. At his arraignment, Plaintiff PHILLIP HARDY was held on bail.

35. On or about January 7, 2009, plaintiff PHILLIP HARDY's case was dismissed on recommendation after the pocketknife was suppressed by a New York Supreme Court Judge after pretrial hearings.

36. Plaintiff PHILLIP HARDY's arrest was the result of false information provided by defendants POLICE OFFICER JOHNNY LANDRY, POLICE OFFICER BRIAN TAYLOR and POLICE SERGEANT JAMES PEPPERMAN.

37. As a result of the foregoing, plaintiff sustained *inter alia,* a loss of liberty and deprivation of his constitutional rights.

## FIRST CAUSE OF ACTION

38. Plaintiff PHILLIP HARDY repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out by the defendants in their capacities as police officers under color of state law.

40. All of the aforementioned acts deprived plaintiff PHILLIP HARDY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by the aforementioned individual defendants pursuant to the customs, usages, practices, and procedure of the City of New York and the New York City Police Department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice or procedure of the City of New York and the New York City Police Department that is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION

43. Plaintiff PHILLIP HARDY repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by defendants, plaintiff PHILLIP HARDY was subjected to an illegal and false arrest by the defendants and taken into custody and

caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

45. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his physical well being and safety without probable cause.

46. Defendant police officers' actions of arresting plaintiff PHILLIP HARDY without just cause, nor reasonable belief that just cause existed, abused their power and authority as employees of the City of New York and the New York City Police Department, and under color of state and/or local law.

47. Upon information and belief, it was the deliberate choice, policy and custom of the defendant City of New York to fail to adequately supervise and train its police officers, including the defendant police officers, in a manner to discourage false arrests, thereby failing to adequately discourage further constitutional violations committed by police officers, causing plaintiff PHILLIP HARDY to be falsely arrested.

48. As a result of the above-described deliberate choices, policies and customs, PHILLIP HARDY suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiff's life.

### THIRD CAUSE OF ACTION

49. Plaintiff PHILLIP HARDY repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant police officers misrepresented and falsified evidence to the District Attorney's Office about plaintiff PHILLIP HARDY.

51. Defendant police officers were directly and actively involved in the initiation and continuation of the criminal proceedings against PHILLIP HARDY.

52. Defendant police officers acted with malice in initiating criminal proceedings against plaintiff PHILLIP HARDY.

53. Defendant police officers lacked probable cause to continue criminal proceedings against plaintiff PHILLIP HARDY.

54. Defendant police officers' involvement in the malicious prosecution against plaintiff PHILLIP HARDY without just cause, nor reasonable belief that just cause existed, abused their power and authority as employees of the City of New York and the New York City Police Department, and under color of state and/or local law.

55. Upon information and belief, it was the deliberate choice, policy and custom of the defendant City of New York to fail to adequately supervise and train its police officers, including the defendant police officers, in a manner to discourage malicious prosecution, thereby failing to adequately discourage further constitutional violations committed by police officers, causing plaintiff PHILLIP HARDY to suffer through perjurious and fraudulent criminal proceedings.

56. As a result of the above-described deliberate choices, policies and customs, PHILLIP HARDY suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiff's life.

### FOURTH CAUSE OF ACTION

57. Plaintiff PHILLIP HARDY repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effects as if fully set forth herein.

58. Each and every individual defendant had an affirmative duty to intervene on plaintiff PHILLIP HARDY's behalf to prevent the violation of his constitutional rights.

59. The individual defendants failed to intervene on plaintiff PHILLIP HARDY's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

60. As a result of the aforementioned conduct of the individual defendants, plaintiff PHILLIP HARDY's constitutional rights were violated and he was subjected to false arrest, false imprisonment and malicious prosecution.

61. As a result of the above-described deliberate choices, policies and customs, PHILLIP HARDY suffered emotional and physical injury that may be permanent and have caused diminution in the quality of plaintiff's life.

## FIFTH CAUSE OF ACTION

62. Plaintiff PHILLIP HARDY repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" with the same force and effects as if fully set forth herein.

63. Defendant City of New York is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents and servants and others whose names are presently unknown.

64. Defendants arrested and incarcerated plaintiff PHILLIP HARDY in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

65. The acts complained of were carried out by the defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the defendants, who acted under color of law, in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67. Defendant City of New York knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts described above.

68. The foregoing customs, policies, usages, practices and procedures of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PHILLIP HARDY.

69. As a result of the foregoing customs, policies, usages, practices and procedures of the City of New York and the New York City Police Department, plaintiff PHILLIP HARDY was falsely arrested and incarcerated.

70. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's PHILLIP HARDY constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiff PHILLIP HARDY of his federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. Not to have cruel and unusual punishment imposed against him; and

    F. To receive equal protection under the law.

72. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff PHILLIP HARDY demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in the amount of five million dollars ($5,000,000.00);

    b. Punitive damages in the amount of five million dollars ($5,000,000.00);

    c. Costs, interest and attorney's fees; and

    d. Such other and further relief as this Court may deem just and proper, including declaratory and injunctive relief.

Dated:    New York, New York
            January 2, 2012

*/s/ Verena C. Powell*

Powell Law
By: Verena C. Powell (VP 8176)
299 Broadway, Suite 920
New York, New York 10007
Tel:  212-267-1906
Fax:  866-240-0861