UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-9-13

PHILLIP HARDY,

                Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

                Defendants.

No. 12 Civ. 17 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Phillip Hardy ("Plaintiff") brings this action under 42 U.S.C. §§ 1983 and 1988, alleging various violations of the Fourth, Fifth, and Fourteenth Amendments by Police Officer Johnny Landry ("Landry"), Police Officer Brian Taylor ("Taylor"), Police Sergeant James Pepperman ("Pepperman," and with Landry and Taylor, the "Individual Defendants"), and the City of New York (the "City," and with the Individual Defendants, "Defendants"). Specifically, Plaintiff alleges that the Individual Defendants violated his rights by falsifying evidence, abusing process, failing to intervene on his behalf, failing to adequately supervise their subordinates, and discriminating against him on the basis of his race. Plaintiff also alleges that the City is liable for a policy or custom that caused his injuries.

    Now before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking dismissal of all Plaintiff's claims. For the reasons set forth below, the Court dismisses Plaintiff's claims in their entirety.

I. Background

A. Facts[1]

According to the FAC, on June 26, 2008, Plaintiff was a passenger in a vehicle that the Individual Defendants stopped on First Avenue in New York City. (FAC ¶ 15.) Landry searched Plaintiff and recovered a pocketknife from his person. (*Id.* ¶¶ 19–21.) Based on this search, the Individual Defendants arrested Plaintiff and took him to a police station. (*Id.* ¶¶ 23, 26.) Plaintiff was charged with violating New York Penal Law Section 265.01 (fourth degree criminal possession of a weapon) (*id.* ¶ 23), and he was arraigned and "held in custody on bail"[2] (*id.* ¶ 33). Plaintiff alleges that the Individual Defendants lacked probable cause for his arrest (*id.* ¶ 24), and that Landry and Taylor submitted false evidence to the New York District Attorney's Office (*id.* ¶¶ 27–28).

The weapon-possession charge was brought before a grand jury (*id.* ¶ 34), and Plaintiff contends that Landry and Taylor gave false testimony to the grand jury regarding the nature of the knife recovered from him (*id.* ¶ 37). Plaintiff was indicted (Decl. of Liza Sohn, dated Oct. 26, 2012, Doc. No. 16 ("Sohn Decl."), Ex. F (the "Indictment")), but on January 7, 2009, the charges were dismissed (FAC ¶ 38).

---

[1] Except where otherwise noted, the following facts are derived from the First Amended Complaint ("FAC"). In resolving the instant motion, the Court has also considered Defendants' Memorandum of Law in Support of Defendants' Motion ("Mem."), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion ("Opp."), Defendants' Reply Memorandum of Law in Support of Defendants' Motion ("Reply"), and the transcript of the December 21, 2012 oral argument on the motion ("Arg. Tr."), as well as the exhibits and declarations attached to the parties' submissions.

[2] Plaintiff does not explain what he means by the phrase "held in custody on bail," and the Court is not certain whether Plaintiff means to assert that he was incarcerated while he waited for the court to set bail, that he was granted bail but remained in custody while attempting to meet the conditions of bail, or that he believes that being bailed constitutes a form of custody. (*See* Arg. Tr. 26:1–27:20.) In any event, as explained below, this allegation does not save any of Plaintiff's Section 1983 claims from dismissal.

B. Procedural History

Plaintiff filed this action on January 3, 2012 by filing the Complaint (Doc. No. 1). On September 21, 2012, he filed the FAC (Doc. No. 13), which Defendants answered on October 4, 2012 (Doc. No. 14). Defendants filed the instant motion on October 26, 2012 (Doc. No. 15), and on November 30, Plaintiff filed his opposition (Doc. No. 19). Defendants replied on December 10, 2012 (Doc. No. 20), and the Court heard oral argument on December 21.

II. DISCUSSION

A. Proper Forms of Support for a Rule 12(c) Motion

As a preliminary matter, the parties contest whether Defendants may append several documents to their motion, including the arrest form that the New York Police Department produced when Plaintiff was arrested, a statement by a state prosecutor regarding a prior felony conviction against Plaintiff, and copies of the felony complaint and the Indictment issued in the underlying criminal case against Plaintiff. (Opp. at 3–5.)

In considering a Rule 12(c) motion, a court generally may not rely on documents outside the pleadings without converting the motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). As an exception to this rule, a court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). Similarly, if a plaintiff relies "on the terms and effect of a document in drafting the complaint," a court may consider that document, but "mere notice or possession [of the document] is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Int'l Audiotext Network, Inc. v. Am. Teleg. & Telep. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (permitting documents if the complaint "relies heavily upon [their] terms and effect" – in other words, where the

document is "integral" to the complaint). Additionally, a court may take judicial notice of a public record, but it may do so "only to establish the existence of the [record], not for the truth of the facts asserted . . . ." *Global Network Commc'ns, Inc. v. New York*, 458 F.3d 150, 157 (2d Cir. 2006) (citations omitted); *see* Fed. R. Evid. 201.

Other than the Indictment, the existence of which is a proper subject of judicial notice, Defendants' other proffered documents are not appropriate for a motion to dismiss on the pleadings. Defendants offer copies of documents that Plaintiff did not rely on or reference in the FAC, so they can hardly be considered integral. Moreover, the documents are not offered merely to prove their existence, but rather for the truth of the statements contained therein; consequently, they are offered for a purpose that exceeds the scope of judicial notice. Accordingly, with the exception of the Indictment, the Court will not consider Defendants' exhibits in support of their motion to dismiss.

B. Standard for a Rule 12(c) Motion

Turning to Defendants' motion, the applicable legal standard under Federal Rule of Civil Procedure 12(c) is the same as that for a motion under Rule 12(b)(6). *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must "provide the grounds upon which his claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Plaintiffs must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable

inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

### C. Plaintiff's Claims

The FAC raises six causes of action: (1) violation of the right to a fair trial, (2) malicious abuse of process, (3) failure to intervene, (4) violation of the Equal Protection Clause, (5) supervisory liability, and (6) municipal liability.[3] As discussed more fully below, Plaintiff's factual allegations with regard to these claims are wholly conclusory, offering nothing more than the sorts of "labels and conclusions" and "formulaic recitation[s] of the elements" that *Iqbal* and *Twombly* have roundly rejected. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

#### 1. Violation of the Right to a Fair Trial

Plaintiff's first cause of action asserts that Landry and Taylor violated his right to a fair trial by fabricating evidence. To prevail on a fair trial claim based on false evidence, a plaintiff must allege that "an (1) investigating official (2) fabricate[d] evidence (3) that [was] likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012).

---

[3] The FAC asserts a seventh cause of action for conspiracy, which Plaintiff withdrew while briefing this motion. (Opp. at 9.) The FAC also raises an eighth cause of action, brought generally under Section 1983. Of course, Section 1983 does not create a substantive right. Instead, "it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Accordingly, Plaintiff withdrew this cause of action at oral argument. (Arg. Tr. 20:11–21:2.)